IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SANCHEZ,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>BEN CURRY, Warden,<br><br>　　　　Respondent(s). | No C 07-3599 VRW (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the California Board of Parole Hearings' ("BPH") September 29, 2005 decision to deny him parole.

## BACKGROUND

Petitioner pleaded guilty to second degree murder in the Superior Court of the State of California in and for the County of Los Angeles and, on August 3, 1990, was sentenced to 15 years to life in state prison.

On September 28, 2004, the BPH (formerly BPT) held a parole suitability hearing, found petitioner suitable for parole and set a parole date; however, on February 25, 2005, the governor reversed the BPH's parole suitability determination and revoked the parole date.  (Petitioner's challenge to the governor's revocation is pending in Sanchez v Kane, No. 06-3438 VRW (PR)).

On September 29, 2005, the BPH held another parole suitability hearing, but this time found petitioner not suitable for parole and denied him a subsequent hearing for one year.

Petitioner has unsuccessfully challenged the BPH's September 29, 2005 decision in the state courts. On April 11, 2007, the Supreme Court of California denied review of his final petition for state habeas relief.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

### B. Legal Claims

Petitioner claims that the BPH's September 29, 2005 decision to deny him parole, and a subsequent hearing for one year, does not comport with due process. Specifically, petitioner claims that the decision is not supported by the evidence. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. See Sass v Cal Bd of Prison Terms, 461 F3d 1123, 1127-29 (9th Cir 2006) (refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections); Biggs v Terhune, 334 F3d 910, 914-15 (9th Cir 2003) (same).

/

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge