1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  AMBER N. WIPFLER, State Bar No. 238484
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5721
    Fax:  (415) 703-5843
8   Email:  Amber.Wipfler@doj.ca.gov

9  Attorneys for Respondent Warden B. Curry

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE SANCHEZ,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>BEN CURRY,<br><br>　　　　　　　　　　　Respondent. | C07-3599 VRW<br><br>**ANSWER TO THE ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  The Honorable Vaughn R. Walker |

# TABLE OF CONTENTS

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ANSWER TO THE ORDER TO SHOW CAUSE | 2 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 6 |
| ARGUMENT | 6 |
| THE STATE COURTS' DENIALS OF PETITIONER'S HABEAS CLAIMS WERE NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS. | 6 |
|     A. The State Court Decisions Were Not Contrary to or an Unreasonable Interpretation of Clearly Established Supreme Court Law. | 6 |
|         1. Petitioner received all process due under the only United States Supreme Court law addressing due process in the context of parole suitability. | 7 |
|         2. The Ninth Circuit's some-evidence test is not clearly established Supreme Court law. | 7 |
|         3. Even if the some-evidence standard was clearly established federal law in the parole context, the standard was correctly applied by the state courts. | 9 |
|         4. The Board may rely on static factors to deny parole. | 10 |
|     B. The State Court Decisions Upholding the Board's Parole Denial Were Based on a Reasonable Interpretation of the Facts. | 11 |
| CONCLUSION | 11 |


# TABLE OF AUTHORITIES

Page

**Cases**

*Bd. of Pardons v. Allen*
482 U.S. 369 (1987) ... 4

*Biggs v. Terhune*
334 F.3d 910 (9th Cir. 2003) ... 10

*Carey v. Musladin*
___ U.S. ___, 127 S. Ct. 649 (2006) ... 4, 7, 8-10

*Contra McQuillion v. Duncan*
306 F.3d 895 (9th Cir. 2002.) ... 5

*Contra Sass v. Cal. Bd. of Prison Terms*
461 F.3d 1123 (9th Cir. 2006) ... 4, 5, 9

*Crater v. Galaza*
491 F.3d 119 (9th Cir. 2007) ... 8

*Foote v. Del Papa*
492 F.3d 1026 (9th Cir. 2007) ... 8, 10

*Gagnon v. Scarpelli*
411 U.S. 778 (1973) ... 8

*Greenholtz v. Inmates of Neb. Penal & Corr. Complex*
442 U.S. 1 (1979) ... 4, 7-9, 11

*In re Dannenberg*
34 Cal. 4th 1061 (2005) ... 4, 10

*Irons v. Carey*
505 F.3d 846 (2007) ... 7

*Juan H. v. Allen*
408 F.3d 1262 (9th Cir. 2005) ... 11

*Kane v. Garcia Espitia*
546 U.S. 9 (2005) ... 8, 10

*Maynard v. Cartwright*
486 U.S. 356 (1998) ... 7

*Miller-El v. Cockrell*
573 U.S. 322 (2003) ... 9

*Morrissey v. Brewer*
408 U.S. 471 (1972) ... 8

## TABLE OF AUTHORITIES (continued)

Page

*Nguyen v. Garcia*
477 F.3d 716 (9th Cir. 2007) — 8, 10

*Plumlee v. Masto*
___ F.3d ___, 2008 WL 151273 at *6 (9th Cir. 2008) — 6, 8, 10

*Sandin v. Connor*
515 U.S. 472 (1995) — 4

*Stenson v. Lambert*
504 F.3d 873 (9th Cir. 2007) — 8, 10

*Superintendent v. Hill*
472 U.S. 445 (1985) — 5, 7, 9, 10

*Wilkinson v. Austin*
545 U.S. 2384 (2005) — 7

*Williams (Terry) v. Taylor*
529 U.S. 362 (2000) — 6

*Wolff v. McDonnell*
418 U.S. 539 (1974) — 8

*Ylst v. Nunnemaker*
501 U.S. 797 (1991) — 6

**Regulations**

California Code of Regulations, Title 15
  § 2402(b) — 3
  § 2402(c)(1) — 3, 10

**Statutes**

28 United States Code
  § 2244(d)(1) — 5
  § 2254(d)(1-2) — 4, 6
  § 2254(d)(2) — 11
  § 2254(e)(1) — 11

California Penal Code
  § 3401 — 3, 10
  § 3402 — 3

**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) — 4, 6-11

```
 1  EDMUND G. BROWN JR.
    Attorney General of the State of California
 2  DANE R. GILLETTE
    Chief Assistant Attorney General
 3  JULIE L. GARLAND
    Senior Assistant Attorney General
 4  ANYA M. BINSACCA
    Supervising Deputy Attorney General
 5  AMBER N. WIPFLER, State Bar No. 238484
    Deputy Attorney General
 6    455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
 7    Telephone:  (415) 703-5721
      Fax:  (415) 703-5843
 8    Email:  Amber.Wipfler@doj.ca.gov

 9  Attorneys for Respondent Warden B. Curry

10
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE SANCHEZ,<br><br>                Petitioner,<br><br>    v.<br><br>BEN CURRY,<br><br>                Respondent. | C07-3599 VRW<br><br>**ANSWER TO THE ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  The Honorable Vaughn R. Walker |

## INTRODUCTION

Petitioner Jorge Sanchez is a California state inmate at the Correctional Training Facility, proceeding pro se in this habeas corpus action. Petitioner, who is currently serving an indeterminate life sentence for second degree murder, alleges that the Board of Parole Hearings unconstitutionally denied him parole at his 2005 parole consideration hearing. Specifically, Petitioner claims that the Board's decision is supported by no evidence, and that the Board violated due process by relying on static factors to deny parole. On November 19, 2007, this Court issued an Order to Show Cause why the relief sought in the habeas petition should not be

granted. Respondent Warden Ben Curry answers as follows:

## ANSWER TO THE ORDER TO SHOW CAUSE

In response to the Petition for Writ of Habeas Corpus dated July 7, 2007, Respondent admits, denies, and alleges the following:

1. Petitioner is in the lawful custody of the California Department of Corrections and Rehabilitation following his August 3, 1990 conviction of second degree murder. (Ex. A, Abstract of Judgment.) He is currently serving an indeterminate sentence of fifteen years to life. (*Id.*) Petitioner does not challenge his underlying conviction in the current proceeding.

2. Respondent affirmatively alleges that on January 13, 1990, Petitioner went to a pool hall and consumed ten to fifteen beers. (Ex. B, Parole Hearing Transcript at 8, 15.) Despite the fact that he was intoxicated, uninsured, and had a revoked driver's license, Petitioner refused to give his keys to his companions and insisted on driving home. (*Id.* at 26-28.) While driving at a high rate of speed, Petitioner ran a red light and hit two pedestrians who were legally crossing the street. (Ex. C, Probation Officer's Report at 2.) Victim Nicholas Ruiz died at the scene of massive internal and head injuries. (*Id.*) Before he was hit, he managed to push his girlfriend, victim Rosaura Martinez, out of the way. (*Id.* at 5.) She survived, but suffered a shattered leg that required many months of physical therapy to heal. (*Id.*) A breathalyzer test taken immediately following the accident revealed that Petitioner's blood alcohol level was .24, three times the legal limit. (*Id.* at 3); Cal. Vehicle Code § 23153. In addition, Petitioner was incoherent, smelled strongly of alcohol, and could not stand without assistance. (*Id.*) Later, Petitioner claimed that he had poor visibility that day because it was raining and his windows were tinted. (*Id.* at 10.) He further related that he did not believe he ran a red light, because it was green when he looked at it. (*Id.*)

3. Respondent affirmatively alleges that Petitioner has a significant history of alcohol abuse and drunk driving. Before the commitment offense, he had three convictions of driving under the influence. (Ex. C at 6.) Although ordered to attend driving school and Alcoholics Anonymous, Petitioner falsified his attendance cards and did not complete the programs because he believed he did not have a drinking problem. (*Id.*) He was on probation for one of these

1 | convictions at the time of the murder. (*Id.*)
2 |     4.   Respondent affirmatively alleges that during his incarceration, Petitioner has not
3 | obtained his GED or completed a vocation. (Ex. B at 49, 96-97.)
4 |     5.   Respondent admits that in 2004, the Board found Petitioner suitable for parole;
5 | however, the Governor exercised his authority to reverse Petitioner's parole grant. (Ex. B at 49.)
6 |     6.   Respondent admits that on September 29, 2005, the Board determined that Petitioner
7 | would pose an unreasonable risk of danger to society if released from prison. (Ex. B at 91.) The
8 | Board based its decision on four regulatory factors. (*Id.* at 91-97.) First, the Board found that
9 | Petitioner committed his offense in an especially cruel manner, as he injured multiple victims
10 | and demonstrated an exceptionally callous disregard for human suffering through his decision to
11 | drive while intoxicated. (*Id.* at 91-92); Cal. Penal Code § 3401; Cal. Code Regs. tit. 15, §
12 | 2402(c)(1). Second, the Board found that Petitioner had a significant history of drunk driving,
13 | and despite three stints of probation and court-ordered treatment, he had failed to profit from
14 | society's attempts to correct his criminal behavior. (Ex. B at 93); Cal. Penal Code § 3401; Cal.
15 | Code Regs. tit. 15, § 2402(b). Third, the Board based its decision on Petitioner's failure to
16 | upgrade vocationally or educationally, despite previous Board recommendations that he do so.
17 | (Ex. B at 93); Cal. Code Regs. tit. 15, § 2402(b). Finally, as required by state law, the Board
18 | noted the opposition of the Los Angeles County District Attorney. (Ex. B at 94); Cal. Penal
19 | Code § 3402. The Board recognized that Petitioner had remained disciplinary free, participated
20 | in Alcoholics Anonymous, and had adequate parole plans, but determined that the positive
21 | aspects of his behavior did not outweigh the factors tending to show unsuitability, and denied
22 | parole for one year. (*Id.*)
23 |     7.   Respondent admits that Petitioner has exhausted his state court remedies through
24 | petitions which allege the same general causes of action as the one currently before the Court.
25 | (Ex. D, Superior Court Petition and Denial; Ex. E, Appellate Court Denial; Ex. F, Supreme Court
26 | / / /
27 | / / /
28 | / / /

Petition and Denial.[1]/) The last reasoned decision was issued by the California Court of Appeal, which held that there was "some evidence to support the findings of the Board." (Ex. E.) Respondent denies that Petitioner has exhausted his claims to the extent that they are more broadly interpreted to encompass any systematic issues beyond the review of his 2005 parole denial.

     8. Respondent denies that Petitioner has a federally protected liberty interest in parole; hence, Petitioner fails to assert a basis for federal jurisdiction. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1 (1979); *Bd. of Pardons v. Allen*, 482 U.S. 369, 374 (1987) (no federal liberty interest without expectation of early release); *In re Dannenberg*, 34 Cal. 4th 1061, 1087 (2005) (no expectation of early release in California); *Sandin v. Connor*, 515 U.S. 472, 484 (1995) (liberty interest in significant or atypical hardship); *Contra Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006).

     9. Respondent denies that the state court denials of habeas corpus relief were contrary to, or an unreasonable application of, clearly established United States Supreme Court law, or that the denials were based on an unreasonable interpretation of facts in light of the evidence presented. Petitioner therefore fails to make a case for relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254(d)(1-2).

     10. Respondent affirmatively alleges that because Petitioner had both an opportunity to present his case to the Board and a reasoned explanation for the parole denial, he received all process due under *Greenholtz*, the only clearly established Supreme Court law regarding the due process rights of inmates at parole consideration hearings.

     11. Respondent affirmatively alleges that because no clearly established Supreme Court law provides that a parole denial must be supported by some evidence, this Court may not use the some-evidence standard of review to overturn the state court decisions affirming the Board's decision. 28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, ___ U.S. ___, 127 S. Ct. 649, 653 (2006);

---

     1. To cut down on volume and avoid repetition, Respondent has omitted the exhibits attached to Petitioner's state court petitions. These exhibits, all of which are attached to the current Petition, can be provided upon the Court's request.

Ans. to OSC; Mem. of P. & A.             *Sanchez v. Curry*
                                                                  C07-3599 VRW

1   *Contra McQuillion v. Duncan*, 306 F.3d 895, 904 (9th Cir. 2002.)

2       12. Respondent affirmatively alleges that even if the some-evidence standard did apply to the review of parole denial, the proper standard is that found in *Superintendent v. Hill*, 472 U.S. 445, 455 (1985) which requires that only a "modicum of evidence" support the Board's decision. Respondent affirmatively alleges that under this standard, some evidence supports the Board's parole denial. Respondent denies that the some-evidence standard permits the Court to make an independent determination of whether Petitioner currently poses an unreasonable risk of danger to society. *Id.*

3       13. Respondent denies that the Board relied solely on static factors to deny Petitioner parole. Respondent further affirmatively alleges that no clearly established Supreme Court law precludes the Board from relying on past criminal conduct and the severity of the commitment offense to determine parole suitability. *Sass*, 461 F.3d at 1129.

4       14. Respondent denies that the Board violated Petitioner's due process rights by denying parole at his 2005 hearing.

5       15. Respondent admits that Petitioner's claims are timely under 28 U.S.C. § 2244(d)(1), and that the Petition is not barred by the non-retroactivity doctrine.

6       16. Respondent affirmatively alleges that Petitioner fails to state or establish any grounds for habeas corpus relief.

7       17. Except as expressly admitted above, Respondent denies, generally and specifically, each and every allegation of the Petition, and specifically denies that Petitioner's administrative, statutory, or constitutional rights have been violated in any way.

    Accordingly, Respondent respectfully requests that the Petition be denied.

///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

### THE STATE COURTS' DENIALS OF PETITIONER'S HABEAS CLAIMS WERE NOT CONTRARY TO OR AN UNREASONABLE APPLICATION OF CLEARLY ESTABLISHED FEDERAL LAW, NOR BASED ON AN UNREASONABLE DETERMINATION OF THE FACTS.

When, as here, the California Supreme Court denies a petition for review without comment, the federal court must look to the last reasoned decision as the basis for the state court's judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-804 (1991). In this case, the last reasoned decision is the California Court of Appeal's January 25, 2007 decision, denying habeas relief because some evidence supported the Board's findings. (Ex. E.) Because this decision is neither contrary to, or an unreasonable application of, clearly established federal law, nor based on an unreasonable interpretation of the facts, the provisions of AEDPA mandate that Petitioner's claim for habeas relief be denied. 28 U.S.C. §2254(d)(1-2).

### A. The State Court Decisions Were Not Contrary to or an Unreasonable Interpretation of Clearly Established Supreme Court Law.

The first standard of AEDPA is that a state court habeas decision may not be overturned unless it is contrary to, or an unreasonable interpretation of, clearly established federal law. "Clearly established federal law" refers to "the holdings, as opposed to the dicta, of [the United States Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412 (2000). As such, for purposes of AEDPA, "[w]hat matters are the holdings of the Supreme Court, not the holdings of lower federal courts." *Plumlee v. Masto*, ___ F.3d ___, 2008 WL 151273 at *6 (9th Cir. 2008) (attached as Ex. G). Petitioner, however, asks this Court to overturn three valid state court decisions based on Ninth Circuit dicta. Because AEDPA does not permit such a result, and because the last reasoned decision did not violate clearly established Supreme Court law, the Petition must be denied.

///

///

///

Ans. to OSC; Mem. of P. & A.                                     *Sanchez v. Curry*
                                                                  C07-3599 VRW

### 1. Petitioner received all process due under the only United States Supreme Court law addressing due process in the context of parole suitability.

It is undisputed that *Greenholtz*, 442 U.S. 1, is the only Supreme Court decision addressing due process in the context of parole consideration hearings. *Greenholtz* specifically rejected the idea that the parole authority must specify particular evidence to support its decision, and held that the only process due an inmate at a parole consideration is first, an opportunity to be heard, and second, if parole is denied, an explanation for the denial. *Id.* at 16. Thus, as a matter of clearly established Supreme Court law, a challenge to a parole decision will fail if the inmate has received the protections required under *Greenholtz*. *See Maynard v. Cartwright*, 486 U.S. 356, 361-62 (1998); *Wilkinson v. Austin*, 545 U.S. 2384, 2397 (2005). Because Petitioner received both of these protections, and does not argue otherwise, he received all process due under clearly established Supreme Court law. Accordingly, the state court decision upholding the Board's decision is not contrary to clearly established federal law, and Petitioner is not entitled to habeas relief.

### 2. The Ninth Circuit's some-evidence test is not clearly established Supreme Court law.

Petitioner asks this Court to follow the Ninth Circuit's erroneous holding that clearly established federal law requires a parole decision to be supported by some evidence. *Irons v. Carey*, 505 F.3d 846, 850-51 (2007). This standard stems from the decision in *Superintendent v. Hill*, 472 U.S. 445, 455-56, which provides that some evidence must support the decision of a prison disciplinary board to revoke good-time credits. In *Irons*, the Ninth Circuit took the some-evidence standard from the prison disciplinary context, applied it to the parole consideration context, and deemed this new application "clearly established Supreme Court law" for the purposes of AEDPA.

In the last two years, the Supreme Court has made it clear that circuit courts may not import a federal standard used for one set of circumstances into an entirely different set of circumstances under the guise of "clearly established federal law." In *Musladin*, the Supreme Court overturned the Ninth Circuit's determination that a prejudice test regarding one type of case could was the

clearly established standard of review used for a similar but factually distinct case. In doing so, the *Musladin* court held that clearly established federal law refers only to the holdings of the Supreme Court on the specific issue presented. *Musladin*, ___ U.S. ___, 127 S. Ct. at 653; *see also Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005) (prisoner denied access to law library has no relief under AEDPA absent a Supreme Court decision addressing that issue). The Ninth Circuit has affirmed this principle in *Nguyen v. Garcia*, 477 F.3d 716, 718, 727 (9th Cir. 2007), *Crater v. Galaza*, 491 F.3d 119, 1126, n. 8 (9th Cir. 2007), *Foote v. Del Papa*, 492 F.3d 1026, 1029-30 (9th Cir. 2007), *Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007); and *Plumlee*, ___ F.3d ___, 2008 WL 151273 at *6, all of which acknowledge that decisions by courts other than the Supreme Court are non-dispositive under AEDPA standards.

Contrary to the holding in *Irons*, a prison disciplinary hearing and a parole consideration hearing are not identical, and thus not subject to the same level of judicial review. Although both hearings can affect the duration of an inmate's confinement, only prison disciplinary hearings involve a finding of guilt; consequently, the process due in disciplinary hearings is greater than that required in parole hearings. *Greenholtz*, 442 U.S. at 15-16. In fact, the *Greenholtz* court specifically distinguished a parole consideration hearing from a prison disciplinary hearing, stating that "[p]rocedures designed to elicit specific facts, such as those required in *Morrissey*, *Gagnon*, and *Wolff* are not necessarily appropriate" in a parole suitability determination.[2] *Id.* at 14. While disciplinary hearings are adversarial proceedings, "the parole-release decision . . . is more subtle and depends on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." *Id.* at 9-10. Thus, unlike a prison disciplinary hearing, in a parole consideration hearing "there is no set of facts which, if shown, mandate a decision favorable to the individual." *Id.* at 10. It follows that the

---

2. *See Morrissey v. Brewer*, 408 U.S. 471 (1972) (establishing process due in parole revocation hearings); *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) (establishing process due in probation revocation hearings) ; *Wolff v. McDonnell*, 418 U.S. 539 (1974) (establishing process due in prison disciplinary hearings).

Ans. to OSC; Mem. of P. & A.  *Sanchez v. Curry*
C07-3599 VRW

1  two types of hearing are not the same, and a Supreme Court decision applicable to one does not
2  apply to the other. *Musladin*, ___ U.S. ___, 127 S. Ct. at 653. As such, Petitioner is entitled
3  only to the due process protections outlined in *Greenholtz*, and this Court need not review the
4  basis of the Board's decision under the some-evidence standard.

5        Any argument that due process requires a more stringent standard of review than that
6  provided in *Greenholtz* is without merit. Three California courts have already evaluated the
7  substantive merits of Petitioner's claims. (Exs. D, E, F.) The absence of further evidentiary
8  review does not diminish Petitioner's due process rights; rather, it merely defers to the state
9  courts' evaluation of those rights, consistent with AEDPA's stated purpose of "further[ing]
10 comity, finality, and federalism." *Miller-El v. Cockrell*, 573 U.S. 322, 337 (2003).

11       Thus, Petitioner is entitled to only the protections provided in *Greenholtz*, the only clearly
12 established federal law describing the process due at a parole consideration hearing. Because he
13 received these protections, the state court decisions upholding his parole denial are not contrary
14 to clearly established federal law.

15     **3.    Even if the some-evidence standard was clearly established federal law in the parole context, the standard was correctly applied by the state courts.**
16

17       Even if the some-evidence standard was clearly established federal law in the parole
18 context for the purposes of AEDPA, Petitioner's claim would nonetheless fail because the state
19 courts correctly applied the standard. The some-evidence standard "does not require examination
20 of the entire record, independent assessment of the credibility of witnesses, or weighing of the
21 evidence;" rather, it is satisfied if there is "any evidence in the record that could support the
22 conclusion made by the [B]oard." *Hill*, 472 U.S. at 455-57; *see also Sass*, 461 F.3d at 1129
23 ("*Hill's* some evidence standard is minimal.") Here, there is some evidence to support the
24 Board's findings that Petitioner's commitment offense was especially heinous, that he had an
25 escalating pattern of criminality and had failed to profit from previous grants of probation and
26 court-ordered treatment, and that he had failed to upgrade vocationally or educationally, despite
27 the Board's recommendation that he do so. As each of these factors tends to indicate parole
28 unsuitability under California law, the appellate court correctly concluded that some evidence

Ans. to OSC; Mem. of P. & A.          *Sanchez v. Curry*
        C07-3599 VRW

supported the denial of parole. Thus, to the extent that *Hill*'s some-evidence test is clearly established federal law, it was reasonably applied by the state courts, and Petitioner's claim must be denied.

### 4. The Board may rely on static factors to deny parole.

Finally, Petitioner argues that due process precludes the Board from relying on his commitment offense and past criminal behavior to deny parole. This argument fails for a number of reasons. First, the Board did not rely solely on static factors—on the contrary, it based its decision on Petitioner's failure to upgrade educationally or vocationally as well, which is a dynamic factor under Petitioner's control. (Ex. B, 91-97.) Second, California's parole provisions explicitly state that parole may be denied based on the factors of an inmate's commitment offense. *Dannenberg*, 34 Cal. 4th at 1094; Cal. Penal Code § 3401; Cal. Code Regs. tit. 15, § 2402(c)(1).

Finally, and most importantly, no clearly established federal provides that a state executive cannot base a parole denial on the factors of an inmate's commitment offense or criminal history. Moreover, the Supreme Court has never held that after a certain period of time, a criminal's past behavior is no longer predicative of his future actions.[3/] Although the Ninth Circuit held in *Biggs v. Terhune*, 334 F.3d 910, 917 (9th Cir. 2003) that continuing reliance on an unchanging factor to deny parole "may result in a due process violation," AEDPA does not permit the use of circuit court dicta to overturn a valid state court decision. *Musladin*, ___ U.S. ___, 127 S. Ct. at 653; *Kane*, 546 U.S. at 10; *Nguyen*, 477 F.3d at 718, 727; *Crater*, 491 F.3d at 1126, n. 8 (9th Cir. 2007), *Foote*, 492 F.3d at 1029-30, *Stenson*, 504 F.3d at 881; *Plumlee*, ___ F.3d ___, 2008 WL 151273 at *6. Accordingly, the dicta from *Biggs* and subsequent cases cannot be used to overturn a valid state court decision. Petitioner therefore fails to prove that the state court decisions denying parole were contrary to, or an unreasonable application of, clearly established federal law, and the petition must be denied.

---

3. The facts of Petitioner's case belie his claim that past conduct is not an indicator of future behavior. Petitioner was first convicted of drunk driving in 1980. (Ex. C at 6.) Ten years later, he murdered the victim in identical circumstances—driving under the influence. (*Id.* at 2.)

B.  **The State Court Decisions Upholding the Board's Parole Denial Were Based on a Reasonable Interpretation of the Facts.**

The second standard under AEDPA is that a state court habeas decision must be based on a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Petitioner bears the burden of proving that it was objectively unreasonable for the state courts to conclude that the Board acted in accordance with due process and that some evidence supported the factual basis of the Board's parole denial. 28 U.S.C. § 2254(e)(1); *Juan H. v. Allen*, 408 F.3d 1262, 1270 (9th Cir. 2005). Petitioner fails to meet this burden, as some evidence in the record supports the Board's finding; furthermore, he does not provide any evidence to show that the Board's determination of parole suitability violated federal due process. Petitioner may disagree with the Board's analysis, but that is not sufficient to prove that the state courts' decisions were objectively unreasonable. Thus, because Petitioner fails to show that the state courts' factual determinations were unreasonable under AEDPA standards, the petition must be denied.

## CONCLUSION

In order for this Court to grant habeas relief, Petitioner must prove that the state court holdings were contrary to, or an unreasonable application of, clearly established federal law—not Ninth Circuit dicta—or that the decisions were based on an unreasonable interpretation of the facts. Petitioner fails to make such a showing. First, he received all the protections provided in *Greenholtz*, the only clearly established federal law regarding the process due at parole consideration hearings. Second, the some-evidence standard does not apply to Petitioner's case; however, even if it did, the Board's decision is supported by some evidence of parole unsuitability. Finally, clearly established federal law does not preclude the Board from relying on static factors to determine parole suitability. Accordingly, the petition for writ of habeas

/ / /

/ / /

/ / /

Ans. to OSC; Mem. of P. & A.

*Sanchez v. Curry*
C07-3599 VRW

1 | corpus must be denied.

2 |     Dated: February 8, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Amber N. Wipfler*

AMBER N. WIPFLER
Deputy Attorney General
Attorneys for Respondent Warden B. Curry

40215290.wpd
SF2007403220

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sanchez v. Curry**

No.:   **C07-3599 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>February 8, 2008</u>, I served the attached

### ANSWER TO THE ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES (W/EXHIBITS A-G)

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jorge Sanchez
E-68378
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689
   *In Pro Se*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 8, 2008, at San Francisco, California.

| S. Redd | *S. Redd* |
|---|---|
| Declarant | Signature |

40216556.wpd