# EXHIBIT C

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
PROBATION OFFICER'S REPORT

FILE COPY

| DEFENDANT'S NAME(S) | | | | COURT | JUDGE | REPORT SEQUENCE NO. 1 |
|---|---|---|---|---|---|---|
| JORGE SANCHEZ (ANGEL) | | | | SE-F | ARMSTRONG | COURT CASE NO. VA002428 |

| ADDRESS (PRESENT/RELEASE) | | | | HEARING DATE | DEFENSE ATTY. | PROSECUTOR |
|---|---|---|---|---|---|---|
| 3519 EAST 56TH STREET MAYWOOD, CA 90270  581-3241 | | | | 8-3-90 | ESTRADA | SEIFERT |
| BIRTHDATE 7-4-58 | AGE 32 | SEX MALE | RACE MEX. | DPO BECK | AREA OFFICE RIO HONDO | PHONE NO. 908-3138 |
| CITIZENSHIP STATUS RESIDENT ONLY | | DRIVER'S LICENSE/EXP. DATE N7663093/VALID | | | | |
| PROBATION NO. X— | CII NO. A06883384 | | BOOKING NO. 1994916 | TYPE REPORT _X_ Probation and sentence ___ Pre-Conviction (131.3 CCP) ___ Post sentence ___ Diversion (Specify) _____ | | |
| DAYS IN JAIL THIS CASE ☐ ESTIMATED ☒ VERIFIED 81 | | CUSTODY STATUS/RELEASE DATE COUNTY JAIL | | | | |

PRESENT OFFENSE: LEGAL HISTORY

**CHARGED** with the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

COUNT I:  187(A) PC (SECOND DEGREE MURDER)
COUNT II: 23153 VC (DRIVING UNDER THE INFLUENCE OF ALCOHOL CAUSING DEATH OR INJURY)
COUNT III: 23153(B) VC (Driving under the influence while having .08 BAC)

**CONVICTED** of the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

COUNT I: 187(A) PC (SECOND DEGREE MURDER)

| CONVICTED BY PLEA | DATE OF CONVICTION 7-20-90 | COUNT(S) CONTINUED TO P & S FOR DISPOSITION II AND III | |
|---|---|---|---|
| PROPOSED PLEA AGREEMENT  15 YEARS TO LIFE IMPRISONMENT | | | SOURCES OF INFORMATION DA FILE |
| DATE(S) OF OFFENSE 1-13-90 | | TIME(S) 4:52 P.M. | |
| DEFENDANT: ☒ N/A (SEE PRIOR RECORD SECTION) ☐ ON PROBATION ☐ ON PAROLE-REMAINING TIME ____ | ☐ SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE ____ ☐ PENDING PROBATION VIOLATION  ☐ PENDING NEW CASE | | HOLD/WARRANTS: ☐ YES ☒ NO |

**RECOMMENDATION:**

☐ PROBATION   ☒ DENIAL        ☐ DIAGNOSTIC STUDY     ☐ CYA    ☐ OTHER _____
              ☐ COUNTY JAIL      ☐ 707.2 WIC
              ☒ STATE PRISON     ☐ 1203.03 PC

76P725B-Prob 19SC (Rev 6/85) 8/87

| PRESENT OFFENSE: (CONTINUED) | | | | SOURCES OF INFORMATION (this page) ARREST REPORT | |
|---|---|---|---|---|---|
| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARRESTING AGENCY |
| 1-13-90 | 4:52 PM | JORGE ANGEL SANCHEZ | 192 PC, 23153 VC | SLAUSON AVENUE AT DOWNEY ROAD | MAYWOOD PD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| NONE | | |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

   COUNT I: THE DEFENDANT HIT THE VICTIM WITH HIS VEHICLE, KILLING THE VICTIM.

   THE DEFENDANT WAS DRIVING SOUTHBOUND ON DOWNEY ROAD APPROACHING THE INTERSECTION OF DOWNEY ROAD AND SLAUSON BOULEVARD. HE WAS DRIVING AT A FAST SPEED AND HE FAILED TO STOP FOR THE RED LIGHT, SWERVING THROUGH THE INTERSECTION. HE HIT TWO PEDESTRIANS WITH HIS VEHICLE, BOTH OF WHICH WERE LEGALLY CROSSING THE STREET AT TIME THEY WERE HIT. ONE OF THEE VICTIMS (NICHOLAS RUIZ) DIED ON THE SCENE AS THE RESULT OF MASSIVE INTERNAL INJURIES AND HEAD INJURIES, WHILE THE OTHER VICTIM (ROASAURA MARTINEZ) SUFFERED MAJOR INJURIES BUT DID SURVIVE.

   SEVERAL WITNESS OF THE ACCIDENT REPORTED THEIR VERSION OF WHAT HAPPENED; ALL OF THEIR STATEMENTS CONFIRMED THAT THE DEFENDANT WAS DRIVING TOO FAST, RAN A RED LIGHT AND HIT THE VICTIMS. TWO PASSENGERS IN THE DEFENDANT'S CAR RELATED THAT THE DEFENDANT FAILED TO STOP FOR THE RED LIGHT AND HIT THE VICTIMS,

-2- (SANCHEZ)

76P725B—Prob. 19SC (Rev. 6/85)  8/87

1 | EVEN THOUGH THEY WERE YELLING AT HIM TO STOP. DURING MIRANDIZED
2 | QUESTIONING, THE DEFENDANT ADMITTED GUILT.
3 |             A BREATHALYZER TEST REVEALED A BLOOD ALCOHOL LEVEL
4 | OF .24. OFFICERS NOTICED THE DEFENDANT WAS EXTREMELY
5 | INTOXICATED IMMEDIATELY FOLLOWING THE ACCIDENT, AS HE SMELLED
6 | STRONGLY OF ALCOHOL AND COULD NOT STAND WITHOUT ASSISTANCE. HE
7 | MADE INCOHERENT STATEMENTS AND DID NOT RESPOND TO QUESTIONS ASKED
8 | OF HIM.

-3- (SANCHEZ)

76C692G — PROB. 5A

| VICTIM: | SOURCES OF INFORMATION (this page) VICTIM |
|---|---|

| NAME ALBERT ALARA | COUNT(S) I |
|---|---|

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)

BURIAL EXPENSES ESTIMATED TO BE BETWEEN $3,400 AND $4,000

INSURANCE COVERAGE

NONE

| LOSS: ☒ YES ☐ NO | ESTIMATED LOSS $3,400 - $4,000 | RESTITUTION ALREADY MADE NO | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK  ☐ YES  ☒ NO |
|---|---|---|---|

**VICTIM STATEMENT:**

THE BROTHER OF THE DECEASED VICTIM WAS CONTACTED, ALBERT ALARA. HE INDICATES THAT THE DEFENDANT WAS BURIED IN MEXICO AND THAT THE COST INVOLVED IN BURIAL SERVICES WAS AS INDICATED ABOVE. MR. ALARA STATES THAT HIS PARENTS ARE VERY ELDERLY AND ILL AND THAT THEY HOPE THAT THE DEFENDANT WILL BE SENTENCED TO PRISON FOR AS LONG AS POSSIBLE ACCORDING TO THE LAW IN THIS STATE.

VICTIM NOTIFIED PURSUANT TO SECTION 1191.3 PENAL CODE.

VICTIM NOTIFIED PURSUANT TO SECTION 623 PENAL CODE.

| RESTITUTION | TOTAL NUMBER OF VICTIMS 2 | ESTIMATED LOSS TO ALL VICTIMS OVER $8,000 | VICTIM(S) NOTIFIED OF P&S HEARING ☒ YES  ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES  ☒ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

-4- (SANCHEZ)                                    X   VICTIM LIST CONTINUES NEXT PAGE

76P725B—Prob. 19SC (Rev. 6/85)  8/87

| ADDITIONAL VICTIMS: | SOURCES OF INFORMATION (this page) |
|---|---|
| | VICTIM'S STATEMENT |

| NAME ROASAUR MARTINEZ | COUNT(S) II |
|---|---|

| INJURY: PROPERTY LOSS (TYPE / COST / ETC.) |
|---|
| SHATTERED LEG - MEDICAL TREATMENT ESTIMATED AT BETWEEN $4,000 AND $5,000 |

| INSURANCE COVERAGE |
|---|
| NONE |

| LOSS: ☒ YES ☐ NO | ESTIMATED LOSS $4,000 - $5,000 | RESTITUTION ALREADY MADE NO | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK ☐ YES ☒ NO |
|---|---|---|---|

VICTIM STATEMENT:      THE VICTIM INDICATES THAT SHE SUFFERED FROM A SHATTERED LEG FOLLOWING THE ACCIDENT. TO DATE, SHE HAS ACCRUED MEDICAL BILLS AMOUNTING TO BETWEEN $4,000 AND $5,000. SHE HAD NO INSURANCE AT THE TIME OF THE ACCIDENT AND IS IN NEED OF CONTINUED PHYSICAL THERAPY FOR HER LEG. SHE DOES NOT KNOW HOW SHE WILL PAY FOR THIS. SHE RELATES THAT HER EX-BOYFRIEND (THE DECEASED VICTIM) PUSHED HER OUT OF THE WAY IN ORDER TO SAVE HER LIFE. SHE RELATES THAT THE DEFENDANT WAS EXTREMELY DRUNK AND THAT HE WAS GOING EXTREMELY FAST BEFORE HE HIT HER AND HER EX-BOYFRIEND. SHE RECALLS SEEING EVERYTHING THAT HAPPENED ON THAT DAY. SHE DID NOT WANT TO VOICE AN OPINION, AND BELIEVES THAT THE JUDGE WOULD BE THE BEST DETERMINER OF WHAT THE DEFENDANT IS DESERVING OF.

VICTIM NOTIFIED PURSUANT TO SECTION 1191.3(B) PENAL CODE
VICTIM NOTIFIED PURSUANT TO SECTION 623 PENAL CODE

-5- (SANCHEZ)

76P725B—Prob. 19SC (Rev. 6/85)

PRIOR RECORD:

SOURCES OF INFORMATION (this page)
CLETS (7-25-90), DMV PRINTOUT, DEFENDANT'S STATEMENT

AKA'S:         NONE

JUVENILE HISTORY:

INFORMATION IS NOT ATTAINABLE THROUGH THE PROBATION DEPARTMENT AS RECORDS TERMINATE FIVE YEARS AFTER PROBATION HAS ENDED. DEFENDANT ADMITS NO RECORD.

ADULT HISTORY:

8-15-80        23102(A) VC (DRIVING UNDER THE INFLUENCE OF ALCOHOL/DRUGS) - CONVICTED ON 9-12-80, CASE NO. 053287B. PLACED ON CONDITIONAL PROBATION FOR TWO YEARS.

(THE DEFENDANT INDICATES HE WAS ON HIS WAY TO TIJUANA WHEN HE WAS ARRESTED FOR THIS DRIVING UNDER THE INFLUENCE CHARGE.)

10-27-80       23102(A) VC (DRIVING UNDER THE INFUENCE OF ALCOHOL/DRUGS) - CONVICTED ON 1-12-81, CASE NO. M72547. DRIVER'S LICENSE SUSPENDED FOR ONE YEAR AND PLACED ON TWO YEARS CONDITIONAL PROBATION.

(THE DEFENDANT CLAIMS THAT HE COMPLETED A ONE YEAR ALCOHOL SCHOOL FOLLOWING THIS CONVICTION.)

12-19-87       23152(B) VC (DRIVING UNDER THE INFLUENCE OF ALCOHOL/DRUGS) - CONVICTED ON 2-29-88, CASE NO. 87M07147. PLACED ON THREE YEARS CONDITIONAL PROBATION.

(THE DEFENDANT INDICATES THAT HE WAS ORDERED TO ATTEND AN ALCOHOL SCHOOL FOLLOWING THIS CONVICTION, AND ALTHOUGH HE STARTED THE PROGRAM, HE NEVER FINISHED. HE ADMITS TO FALSIFYING HIS AA CARDS EVEN THOUGH HE NEVER ACTUALLY WENT TO THE AA MEETINGS. HE DID THIS BECAUSE HE DID NOT BELIEVE HE HAD AN ALCOHOL PROBLEM.)

(IT SHOULD BE NOTED HERE THAT THE DEFENDANT'S DMV PRINTOUT REFLECTS ONE OTHER ACCIDENT OCCURRING ON 8-24-89; THE PRINTOUT REFLECTS THAT THE DEFENDANT WAS NOT THE PERSON FOUND MOST AT FAULT.)

-6- (SANCHEZ)

76P725B-Prob. 19SC (Rev. 6/85) 8/87

PERSONAL HISTORY:

SOURCES OF INFORMATION (this page)
DEFENDANT

SUBSTANCE ABUSE:

____ No record, indication, or admission of alcohol or controlled substance abuse.

____ Occasional social or experimental use of _____ acknowledged.

__X__ See below: Indication / admission of significant substance abuse problem.

Referred to Narcotic Evaluator ☐ Yes ☒ No          ____ Narcotic Evaluator's report attached

Additional information

    THE DEFENDANT STATES THAT HE BEGAN CONSUMING ALCOHOL WHEN HE WAS 23 YEARS OF AGE. INITIALLY, HE CONSUMED TWO OR THREE BEERS ONCE A DAY. HOWEVER, HE STARTED TO GRADUALLY DRINK MORE BEER, UNTIL HE WAS DRINKING ABOUT 10 OR 15 BEERS PER NIGHT. HE STATES THAT PRIOR TO COMING INTO CUSTODY, HE WAS DRINKING BETWEEN ONE AND TWO BEERS IN AN AVERAGED DAY. HE STATES HE DID NOT DRINK HARD LIQUOR. HE DENIES HAVING ANY BLACKOUTS FOLLOWING ALCOHOL INTOXICATION. THE DEFENDANT CLAIMS THAT HE HAS NOT EXPERIMENTED WITH ANY OTHER SUBSTANCES, LEGAL OR ILLEGAL.

    (THE DEFENDANT CLAIMS TO HAVE COMPLETED A DRIVING UNDER THE INFLUENCE SCHOOL BETWEEN 1982 AND 1983.)

PHYSICAL / MENTAL / EMOTIONAL HEALTH:

__X__ No indication or claim of significant physical/mental/emotional health problem.

____ See below: Indication / claim of significant physical/mental/emotional health problem.

-7- (SANCHEZ)
76P7258—Prob. T9SC (Rev. 6/85)  8/87

| PERSONAL HISTORY: (CONTINUED) | | | SOURCES OF INFORMATION (this page) DEFENDANT | | |
|---|---|---|---|---|---|
| RESIDENCE | TYPE RESIDENCE HOUSE | LENGTH OF OCCUPANCY 8 YEARS | ~~MORTGAGE~~/RENT $700 | RESIDES WITH/RELATIONSHIP WIFE AND 4 CHILDREN | |
| RESIDENTIAL STABILITY LAST FIVE YEARS GOOD | | CAME TO STATE / FROM 1974/GUADALAJARA, MEXICO | | CAME TO COUNTY / FROM SAME | |

Additional information

| MARRIAGE / PARENTHOOD | MARITAL STATUS MARRIED | NAME OF SPOUSE / ~~PRESENT COHABITANT~~ IMELDA SANCHEZ |
|---|---|---|
| LENGTH OF UNION SINCE 1976 | NO. OF CHILDREN THIS UNION 4 | SUPPORTED BY AFDC |
| NO. PRIOR MARRIAGES / COHABITATIONS NONE | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NO. OF OTHER CHILDREN NONE | SUPPORTED BY | |

Additional information

FORMAL EDUCATION: THE DEFENDANT CLAIMS THAT HE COMPLETED THE 12TH GRADE AND LEFT SCHOOL WHEN HE WAS 18 YEARS OF AGE. HE HAS NOT PURSUED ANY FURTHER TRAINING OR ANY EDUCATIONAL GOALS.

-8- (SANCHEZ)

76P725B—Prob. 19SC (Rev. 6/85) 8/87

| PERSONAL HISTORY: (CONTINUED) | | SOURCES OF INFORMATION (this page) DEFENDANT | | |
|---|---|---|---|---|
| EMPLOYMENT STATUS | ☐ EMPLOYED<br>☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH<br>☐ YES  ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE | |
| | | | ☐ N/A  ☒ YES  ☐ NO | |
| PRESENT/LAST EMPLOYER / ADDRESS / PHONE<br>XXXX<br>ANGEL PRIDE<br>3290 EAST VERNON<br>VERNON, CA<br>585-0565 | | OCCUPATION<br>MEAT SALESMAN | PERIOD OF EMPLOYMENT<br>4½ YEARS | GROSS MONTHLY WAGE<br>$2,000 |
| | | EMPLOYMENT STABILITY LAST 5 YEARS<br>GOOD | TYPES OF PREVIOUS EMPLOYMENT<br>MEAT DELIVERY MAN, SHIPPING | |
| ☐ VERIFIED  ☒ UNVERIFIED | | | | |

Additional information

| FINANCIAL STATUS | INCOME STABILITY<br>GOOD | | NET MONTHLY INCOME<br>$2,000 | |
|---|---|---|---|---|
| PRIMARY INCOME SOURCE<br>EMPLOYMENT | SECONDARY INCOME SOURCE(S)<br>NONE | | EST. TOTAL ASSETS<br>NONE | EST. TOTAL LIABILITIES<br>NONE |

MAJOR ASSETS / ESTIMATED VALUE

NONE

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

NONE

Additional information

GANG ACTIVITY   ☐ YES   ☒ NO        Name of Gang _____

-9- (SANCHEZ)

76P725B—Prob. 19SC (Rev. 6/85)  8/87

DEFENDANT'S STATEMENT:

THE DEFENDANT ADMITS GUILT IN THIS MATTER. HE STATES THAT HE HAD BEEN DRINKING AT A BAR WITH HIS FRIENDS AND HIS BROTHER BEFORE THE ACCIDENT OCCURRED. HE STATAES HE CONSUMED ABOUT FIVE BEERS AT THE BAR. IT WAS RAINING AND FOGGY OUTSIDE, AND HIS WINDOWS WERE TINTED. THEREFORE, IT WAS HARD TO SEE IN FRONT OF HIM. HE WAS DRIVING ALONG WITHOUT ANY PROBLEMS, WHEN SUDDENLY HE SAW A BODY FLY OVER THE TOP OF HIS CAR. HE FELT TERRIBLE ABOUT IT, BUT DID NOT REALIZED THAT HE KILLED THE PERSON UNTIL LATER WHEN THE POLICE TOLD HIM. HE BELIEVES THAT HAD HE NOT CONSUMED THE BEERS, HE WOULD HAVE REACTED DIFFERENTLY AND NOT HIT THE PEDESTRIANS. HE DOES NOT BELIEVE HE RAN A RED LIGHT, AS IT WAS GREEN WHEN HE LOOKED AT IT. HE HAD NO WAY OF TELLING THAT THIS WAS GOING TO HAPPEN BECAUSE WHENEVER HE GOT ARRESTED FOR DRIVING UNDER THE INFLUENCE IN THE PAST, HE WAS ALWAYS RELEASED THE NEXT DAY. HE NEVER IMAGINED THAT THIS COULD HAPPEN TO HIM. HE FEELS TERRIBLE FOR THE DEAD PERSON, BUT REALIZES THAT THERE IS NOTHING HE CAN DO TO BRING THE VICTIM BACK AGAIN. HE WAKES UP EVERY MORNING AND THINKS ABOUT THE FACT THAT HE KILLED ANOTHER PERSON. HE REALIZES THAT WHAT HE DID WAS TERRIBLE, BUT HE ALSO KNOWS THAT THERE IS NOTHING HE CAN DO ABOUT IT NOW. HE CAN ONLY PROMISE THAT HE WILL NOT CONSUME ANY ALCOHOL AT ALL IN THE FUTURE. HE DOES NOT BELIEVE HE HAS AN ALCOHOL PROBLEM AND

-10- (SANCHEZ)

1  BELIEVES HIS SENTENCE TO BE EXTREMELY HARSH. HE KNOWS OF PEOPLE
2  IN THE COUNTY JAIL WHO HAVE PURPOSELY KILLED SOMEBODY WITH A
3  KNIFE AND HAVE BEEN SENTENCED TO TWO OR THREE YEARS IN JAIL. HE
4  WOULD BE MORE THAN WILLING TO PAY BACK MONEY TO THE VICTIMS'
5  FAMILIES TO HELP WITH THEIR EXPENSE. HE BELIEVES THAT GOD PUT
6  HIM IN JAIL FOR A REASON AND HOPES TO LEARN FROM THE EXPERIENCE.
7  UPON HIS RELEASE, HE PLANS ON TAKING GOOD CARE OF HIS FAMILY AND
8  SPENDING HIS MONEY ON THEM. HE IS VERY SORRY ABOUT THE WHOLE
9  THING.
10 INTERESTED PARTIES:
11         THE ARRESTING OFFICER IN THIS CASE WAS CONTACTED.
12 HOWEVER, HE DECLINED TO MAKE A STATEMENT, STATING HE WAS NOT AT
13 LIBERTY TO DISCUSS THE CASE OVER THE PHONE. SEVERAL MESSAGES
14 HAVE BEEN LEFT FOR THE SERGEANT INVOLVED IN THE CASE, BUT HE HAS
15 NOT RETURNED THE PHONE CALLS. IF ANY INFORMATION IS RECEIVED, IT
16 WILL BE ATTACHED TO THIS REPORT.
17 EVALUATION:
18         THIS CASE IS A PERFECT EXAMPLE OF THE DISASTROUS
19 RESULTS THAT OCCUR WHEN PEOPLE FAIL TO LEARN FROM PRIOR MISTAKES
20 AS THIS DEFENDANT HAS. DESPITE THREE PRIOR DRIVING UNDER THE
21 INFLUENCE CONVICTIONS, THE DEFENDANT CONTINUED TO VIOLATE THE LAW
22 AND, IN THIS CASE, UNFORTUNATELY KILLED ONE PERSON AND SERIOUSLY
23 INJURED ANOTHER. ALTHOUGH HE IS REMORSEFUL, HE IS STILL UNABLE

-11- (SANCHEZ)

76C692G — PROB. 5A

1  AND UNWILLING TO ADMIT HIS ALCOHOLISM. THIS ONE FACTOR, COUPLED
2  WITH THE FACT THAT HE KILLED SOMEONE, MAKES HIM TOTALLY
3  UNSUITABLE FOR FORMAL PROBATION SUPERVISION, AS HE WILL CONTINUE
4  TO ENDANGER THE LIVES OF OTHERS AND HIS OWN LIFE. IF HE DOES NOT
5  BELIEVE HE HAS AN ALCOHOL PROBLEM, HE WILL NOT ADDRESS THE
6  PROBLEM AND HIS BEHAVIOR WILL NOT CHANGE. HE HAS ALREADY PROVEN
7  THAT THIS IS THE CASE. THE VICTIM THAT SURVIVED THE ACCIDENT
8  WILL ALWAYS HAVE TO LIVE WITH HER VIVID MEMORY OF WHAT IT WAS
9  LIKE TO BE RUN OVER BY A DRUNK DRIVER AND WILL ALWAYS REMEMBER
10 THAT THE DECEASED PERSON PUSHED HER OUT OF THE WAY TO SAVE HER
11 AND GAVE HIS OWN LIFE IN HER PLACE. THE BRUTALITY INVOLVED AND
12 THE TRAGIC NATURE OF THE OFFENSE SUPPORT THE NEED TO PLACE THE
13 DEFENDANT IN STATE PRISON FOR VERY LENGTHY PERIOD OF TIME.
14 RESIDENTIAL ALCOHOL TREATMENT IS SOMETHING THAT MUST BE
15 CONSIDERED BEFORE THE DEFENDANT IS AGAIN RELEASED INTO THE
16 COMMUNITY.

17              SENTENCING CONSIDERATIONS:
18              THE DEFENDANT IS INELIGIBLE FOR PROBATION.
19              CIRCUMSTANCES IN AGGRAVATION:
20 RULE 421(A)   (1) THE CRIME INVOLVED GREAT VIOLENCE, GREAT
21                   BODILY HARM, THREAT OF GREAT BODILY HARM, OR
                     OTHER ACTS DISCLOSING A HIGH DEGREE OF CRUELTY,
22                   VICIOUSNESS OR CALLOUSNESS, WHETHER OR NOT
                     CHARGED OR CHARGEABLE AS AN ENHANCEMENT UNDER
23                   SECTION 12022.7. THE DEFENDANT KILLED ONE VICTIM
                     AND SERIOUSLY INJURED THE OTHER.

   -12- (SANCHEZ)

76C692G — PROB. 5A

```
 1  RULE 421(A)  (4)  THE CRIME INVOLVED MULTIPLE VICTIMS.

 2  RULE 421(B)  (2)  THE DEFENDANT'S PRIOR CONVICTIONS AS AN ADULT
                      ARE NUMEROUS AND OF INCREASING SERIOUSNESS.
 3                    THE DEFENDANT HAS THREE PRIOR DRIVING UNDER
                      THE INFLUENCE CONVICTIONS. THIS REPRESENTS HIS
 4                    FIRST FELONY DRIVING UNDER THE INFLUENCE.

 5              CIRCUMSTANCES IN MITIGATION:

 6  RULE 423(B)  (3)  THE DEFENDANT VOLUNTARILY ACKNOWLEDGED
                      WRONGDOING PRIOR TO ARREST OR AT AN EARLY
 7                    STAGE OF THE CRIMINAL PROCESS.

 8            THE  CIRCUMSTANCES  IN AGGRAVATION OUTWEIGH THOSE IN
 9  MITIGATION.

10  RECOMMENDATION:

11            IT  IS RECOMMENDED THAT PROBATION BE DENIED AND THAT
12  DEFENDANT  BE  SENTENCED  TO  STATE  PRISON WITH PRE-IMPRISONMENT
13  CREDIT  OF  81  DAYS; THAT THE COURT ORDER THE DEFENDANT TO PAY A
14  RESTITUTION  FINE  OF  $10,000  AS PROVIDED BY SUBDIVISION (A) OF
15  SECTIION  13967  OF  THE  GOVERNMENT  CODE,  THE  TOTAL AMOUNT TO
16
17
18
19
20
21
22
23
```

-13- (SANCHEZ)

76C692G — PROB. 5A

```
 1  INCLUDE A SERVICE CHARGE AS PROVIDED BY SUBDIVISION (D) OF
 2  SECTION 13967 OF THE GOVERNMENT CODE.
 3  RESPECTFULLY SUBMITTED,
 4  BARRY J. NIDORF
    PROBATION OFFICER
 5
 6  BY _____/s/ CB_____
 7      CHRISTINE BECK, DEPUTY
        RIO HONDO AREA OFFICE
 8      908-3138
 9  READ AND APPROVED:                    I HAVE READ AND CONSIDERED
                                          THE FOREGOING REPORT OF THE
10                                        PROBATION OFFICER.
11       _____/s/_____
12      JOSE LOPEZ, SDPO
13  (SUBMITTED 7-27-90)                   _____
    (TYPED 7-28-90)                       JUDGE OF THE SUPERIOR COURT
14  CB:DF (7)
15
16
17
18  IF PROBATION IS GRANTED, IT IS RECOMMENDED THAT THE COURT
19  DETERMINE DEFENDANT'S ABILITY TO PAY COST OF PROBATION SERVICES
20  PURSUANT TO SECTION 1203.1B PENAL CODE. COST OF PRESENTENCE
21  INVESTIGATION AND PRESENTENCE REPORT - $412.00. COST OF
22  SUPERVISION - $28.00 PER MONTH.
23
```

-14- (SANCHEZ)

76C692G — PROB. 5A