# EXHIBIT  D

FILED
Los Angeles Superior Court

OCT 0 5 2006

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

JOSEPH M. PULIDO, S.C.C.
233219

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

In re,                                    ) Case No.: BH003827
                                          )
JORGE SANCHEZ,                            ) ORDER RE: WRIT OF HABEAS CORPUS
                                          )
              Petitioner,                 )
                                          )
          On Habeas Corpus                )
                                          )
                                          )
                                          )

The Court has read and considered petitioner's Writ of Habeas Corpus filed on February January 13, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Prison Hearings ("Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole. (See Cal. Code Regs., tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner is serving a term of 15 years to life with a minimum parole eligible date of July 14, 2000. Petitioner was convicted of second degree murder in violation of Penal Code section 187. The record reflects that on January 13, 1990, petitioner while driving under the influence, failed to stop at a red light and swerved through an intersection, hitting two pedestrians crossing the street. One victim died and the other victim suffered major injuries. A breathalyzer test revealed a blood alcohol level of 0.24. Between 1980 and 1987, petitioner was convicted in three different instances of driving under the influence.

EP

1

1     The record reflects that the Board found petitioner unsuitable for parole after a parole

2  consideration hearing held on September 29, 2005.  Petitioner was denied parole for one year.

3  The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable

4  risk of danger to society and a threat to public safety if released from prison.  The Board based

5  its decision on several factors, including his commitment offense.  There is some evidence that

6  petitioner is unsuitable based on the finding that there are multiple victims injured or killed in the

7  same incident.  (See Cal. Code Regs., tit. 15, § 2402, subd. (c)(1)(A).)

8     The record further reflects that the Board also relied on several additional factors in

9  denying petitioner parole at this time, and there is some evidence to support that decision.  The

10  Court finds that there is some evidence that petitioner is unsuitable due to petitioner's failure to

11  upgrade in vocational programming while in prison. (See Cal. Code Regs., tit. 15, § 2402, subd.

12  (d)(9).)  The Board was acting within its authority when it considered petitioner's various

13  preconviction factors and postconviction gains, yet concluded that he would pose an

14  unreasonable threat to public safety.  (See Pen. Code § 3041, subd. (b).)

15     Therefore, the petition is denied.

16

17  ~~September~~ *Oct* 6, 2006

18

19                                                     DAVID S. WESLEY

20                                                     Judge of the Superior Court



21

22

23

24  Clerk to give notice.

25

26

27

28

EP                                              2

Name    Jorge Sanchez

Address    Post Office Box 705/ ND-78-UP

CTF North Facility

Soledad, CA. 93960-0705

CDC or ID Number    E68378

**FILED**
Los Angeles Superior Court

JAN 13 2006

John A. Clarke, Executive Officer/Clerk

By _Joseph M. Pulido_, Deputy

JOSEPH M. PULIDO, S.C.C.
233210

## Superior Court Of The State OF California

## IN The County Of Los Angeles

*(Court)*

Jorge Sanchez
Petitioner

vs.

A.P. Kane; Al.,
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]
Optional Form

PETITION FOR WRIT OF HABEAS CORPUS    WEST GROUP

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

☐ A conviction                    ☐ Parole

☐ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☒ Other (specify):  Board Parole Hearing

1. Your name.  Jorge Sanchez

2. Where are you incarcerated?  CORRECTIONAL TRAINING FACILITY, SOLEDAD, CA.

3. Why are you in custody?  ☒ Criminal Conviction  ☐ Civil Commitment

   Answer subdivisions a. through i. to the best of your ability.

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      Second degree murder

   b. Penal or other code sections:   P.C 187

   c. Name and location of sentencing or committing court:  Superior Court, Of California

      County Of Los Angeles. Dept Southeast F. Norwalk, CA.

   d. Case number:   VA 002428

   e. Date convicted or committed:   7-20-90

   f. Date sentenced:   8-3-90

   g. Length of sentence:  15-years-to-life

   h. When do you expect to be released?   Life Prisoner

   i. Were you represented by counsel in the trial court?  ☒ Yes.   ☐ No.  If yes, state the attorney's name and address:

      Richard Estrada,ESQ: RIO HONDO, CA.

4. What was the LAST plea you entered? (check one)

   ☐ Not guilty   ☐ Guilty   ☐ Nolo Contendere   ☒ Other:  PLEA

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury   ☐ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

_____ See Attached Petition _____

_____

_____

_____

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

_____ See Attached Petition _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

_____ See Attached Petition _____

_____

_____

_____

MC-275 [Rev. January 1, 1999]                    PETITION FOR WRIT OF HABEAS CORPUS                    Page three of six

7. Ground 2 or Ground _____ (*if applicable*):

See Attached Petition

a. Supporting facts:

See Attached Petition

b. Supporting cases, rules, or other authority:

See Attached Petition

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☒ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

b. Result: _____    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☐ Yes. ☐ No.  If yes, state the attorney's name and address, if known:

9. Did you seek review in the California Supreme Court? ☐ Yes. ☐ No.    If yes, give the following information:

a. Result: _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____ N/A _____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____ Administrative Review: has been repealed _____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

     (2) Nature of proceeding (for example, "habeas corpus petition"): _____

     (3) Issues raised: (a) _____

           (b) _____

     (4) Result (Attach order or explain why unavailable): _____

     (5) Date of decision: _____

  b. (1) Name of court: _____

     (2) Nature of proceeding: _____

     (3) Issues raised: (a) _____

           (b) _____

     (4) Result (Attach order or explain why unavailable): _____

     (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result: _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.) _____No delay_____

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known: _____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain: _____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court: _____This court has original jurisdiction_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 1.6.06                                        (SIGNATURE OF PETITIONER)

Jorge Sanchez, E-68378
P.O. Box 705/ND-78-UP
CTF North Facility
Soledad, CA. 93969-0705


In Propria Persona




IN THE SUPERIOR COURT OF THE STSTE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES



IN RE: JORGE SANCHEZ              CASE NO. _____

    PETITIONER              PETITION FOR WRIT OF HABEAS
                                  CORPUS AND MEMORANDUM OF
ON HABEAS CORPUS                  POINTS AND AUTHORITIES IN
_____/          SUPPORT THEREOF.




PETITION FOR WRIT OF HABEAS CORPUS

TO:   TO THE HONORABLE PRESIDING JUSTICE OF THE SUPERIOR
COURT OF CALIFORNIA, FOR THE COUNTY OF LOS ANGELES.

    Petitioner, Jorge Sanchez In Propria Persona, hereby

petitions this Honerable Court for Writ Of Habeas Corpus

directed to A.P. Kane, Warden of the Correctional Training

Facility, Soledad, California.

//

//

//

//

1.

INTRODUCTION

SUPPORTING FACTS

The following facts are gleaned from the facts pres-
ented by the Board of Parole Hearings (Board) at petition-
er's subsequent parole hearing held on September 29, 2005.
A record of those proceedings in the form of a transcript
is attached to the petition for writ of habeas corpus and
marked as petitioner's exhibit number (1).
Petitioner, Jorge Sanchez was convicted of second degree
murder in violation of penal code section 187. He was sen-
tenced to a prison term of 15-years-to-life. He was rece-
ived  on September 5, 1990 by California Department Of
Corrections and Rehabilitation (CDCR) from the County Of
Los Angeles. Case number is VA 002428. His minimun eligible
parole date (MEPD) has been set for July 14, 2000. Four
years later on September 28, 2004 a parole board panel of
the Board Of Parole Hearings held a parole hearing for him
and found him suitable for parole. The matter then went to
the Decision Review Unit (DRU) for final approval. (DRU)
upheld the Board's decision and sent the decision to the
Governor's Office for review. On February 25, 2005 Governor
Arnold Schwarzenegger reversed the Board's grant of parole
That decision is currently before the Court Of Appeal, in
the Second Appellate District. On September 29, 2005 the
Board held another hearing for the petitioner and found the
petitioner is no longer suitable for parole and denied him
a parole date.

THE ISSUE

The issue now is whether the Board's decision is one
support by ''some evidence'' as required under In re:
Rosenkrantz (2002) 29 Cal. 4th 616, 626.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FACTS
THE BOARD OF PAROLE HEARINGS RECORD

On September 29, 2005 a panel of the Board Of Parole Hear-
ings considered the matter of petitioner's application for
parole. The Board found that the petitioner is no longer
suitable for parole and that he currently poses an unreas-
able risk of danger to society or affect the public safety
if released from prison.

Specifically the Board finds multiple victims were injured
and killed in the same incident.

The offense was carried out in a manner which demonstrates
an exceptionally callous disregard for human suffering.

The motive for the crime is inexplicable and very trivial
in relation to the offense.

The inmate has on previous, occasions, has a record of
three aduld driving under the influence arrests and con-
victions, he failed to profit from societies previous att-
empts to correct his criminality.

The inmate needs therapy in order to face, discuss, under-
stand and cope with stress in a non-distructive manner.

Till progress is made, the inmate continues to be a unpre-
dictable threat to others. (see petitioner's exhibit number
(1) pp. 91-97).

3.

1

MEMORANDUM OF POINTS AND AUTHORITIES

2

GROUNDS FOR RELIEF

3

4

5
THE DECISION TO DENY PETITIONER PAROLE WAS
ARBITRARY AND AN ABUSE OF DISCRETION UNSUPP-
6
ORTED BY SOME ARTICULABLE EVIDENCE IN THE RECORD
VIOLATING THE PETITIONER'S RIGHT TO DUE PROCESS
7
GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS
TO THE UNITED STATES CONSTITUTION.
8

9

10      The nature of the commitment offense is a relevant

11  factor in determining whether paroling an individual life

12  prisoner will pose an unreasonable risk of danger to soc-

13  iety. (see pen. code 3041, subd. (b).However, any crime

14  carrying an indeterminate sentence usually a murder- is

15  necessarily a terrible crime and use of commitment offense

16  as a basis for parole denial is limited to "particularly

17  egregious" case in which the offense was committed in "an

18  especially heinous, atrocious or cruel manner." (Rosenkr-

19  antz, supra, 29 Cal. 4th at p. 678; Ramirez, supra, 94 Cal.

20  App. 4th at pp. 569-570; In re Smith (2003) 109 Cal. App.

21  4th 489, 506; Cal. code Regs., tit 15 2402, subd. (c) (1);

22  In re Morall (2002) 102 Cal. App. 4th 280, 301. The regu-

23  lations specifically describe factors that are to be con-

24  sidered in deciding whether an offense was particularly

25  egregious. ( Cal. code Regs., tit 15 2402 , subd. (c).

26  Moreover, a determination that a crime is particularly

27  egregious must be supported by "some evidence" in the re-

28  cord, and a denial of parole should be set aside if there

4.

is not "some evidence" to support such a finding. Ramirez,
supra, 29 Cal, 4th at p. 658. For example, the court of
appeal examined the factual record and found that the evi-
dence did not support a finding that the crime was commit-
ted in a more aggravated or violent manner, or for a mat-
erially less significant motive, than that ordinarily shown
in the commission of second degree murder. (In re Scott
(2004) 119 Cal. App. 4th 871, 887-896). Conversely, those
cases upholding denials of parole based on the commitment
have contained evidence of extraordinary factors such as
gratuitious cruelty, infliction of prolonged pain or tor-
ture (In re Van Houten (2004) 116 Cal. App.4th at 339,351).
Or premeditation and deliberation (Rosenkrantz, supra, 29
Cal. 4th App. at p. 678; Morrall, supra, 102 Cal. App. 4th
at p. 285; In re Mc Clendon (2003) 113 Cal. App. 4th 315,
319-320. No such factors are present in the present case.
To deny a prisoner parole based on the nature of the com-
mitment offense, the character of the offense must be
especially heinous, atrocious, or cruel (In re Van Houten
supra, 116 Cal. App. 4th at 349, citing In re Roesenkrantz,
supra, 29 Cal. App. 4th at 683; Cal. Code Regs., tit 15,
2282 (c) (1), emphasis added). Cal. Code Regs. tit 15, 2281
(c) states... circumstances tending to indicate unsuitabil-
ity include:

(1). Commitment offense. The prisoner commited the offense
    in an especially heinous, atrocious, cruel manner. The
    factors to be considered include:

(a). Multiple victims were attacked, injured or killed in
    the same or separate incidents.

5.

(b). The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.

(c). The victim was abused, defiled or mutilated during or after the offense.

(d). The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(e). The motive for the crime is inexplicable or trivial in relation to the offense.

The relevant evidence does not merely fail to support but refutes the conclusion that the petitioner committed his offense in a manner which demonstrates an exceptional callous disregard for human suffering. The record is devoid of any factual evidence that the petitioner currently poses an unreasonable risk of danger to the public. To the contrary the record includes as evidence a psychological report dated May 14, 2003 by Doctor Zika who supports the petitioner's application for parole. The report states, the petitioner's alcohol dependence is in full institutional remission . He has absolutely no record of violence ever in his life. He is competent and responsible for his behavior and his potential for violence is no more than the average citizen in the community. He has several marketable skills to earn a good living. Additionally, he has viable residential plans, his employment plans are acceptable and he has a huge network of support from both his family and friends. According to Doctor Zika Mr. Sanchez has no need of therapy as the Board asserts in its findings. In his assessment of dangerousness the Doctor considers several

6.

factors including a complete lack of CDC-115's and a total
lack of violence. Dr. Zika says there are no particular
risk factors for this inmate which would be precursor to
violence.

Moreover, the facts of the underlying offense do not support
the Board's conclusion that the offense was carried out in
a manner that was "dispassionate" or "demonstrates an ex-
ceptionally insensitive disregard for human suffering .
The fact is that without principled guidance, the standard
of considering the gravity of the offense, as it is appli-
ed, is unconstitutionally vague. The Board's decision can
only be described as arbitary and capricious and a abuse
of discretion. Also, the petitioner was never given indiv-
dualized due consideration, and instead the denial was ba-
sed completely on the petitioner's past prior addiction to
alcohol. In this case the Board has place the entire weight
of the petitioner's past prior addiction to alcohol into
determining that the petitioner poses an unreasonable risk
of danger to the public simply because there is nothing in
his record that the Board could justify a denial of parole
The Board has ignored the facts of the petitioner's 15-
years of sobriety which has everything to do with a risk
of danger to society. In the Board's regulations there are
nine circumstances tending to show an inmate who is suit-
able for parole, circumstances the Board cannot ignore.
(In re Scott (2004) 119 Cal. App. 4th 898).
Examined in light of the record, the Board's explanation

7.

1  of why petitioner is not suitable for release from prison
2  is revealed as no more than mouthing conclusionary words.
3  The reliable factual underpinning that is constitutionally
4  required cannot be shown (see Mc Quillion V. Duncan (9th
5  Cir. 2002) 306 F. 3d 895, 902; In re Caswell (2001) 92 Cal
6  App. 4th 1017, 1027(112 Cal. Rptr. 2d 462), even under the
7  exceptionally deferential standard of review.
8  The record does reveal that petitioner does have a past
9  history of prior addiction to alcohol and that he also has
10  three arrest for driving under the influence prior to the
11  commitment offense. Additionally the record reveals that
12  the petitioner's addiction ended over 15-years ago. There
13  is nothing in the record that the Board can rely on to in-
14  dicate that the petitioner is still addicted to alcohol and
15  therefore the Board cannot rely on his prior addiction to
16  establish that the petitioner is dangerous. Without eviden-
17  ce in the record this is an un appropriate consideration to
18  determine parole suitability. ( In re Mark Smith (2003) 109
19  Cal. App. 4th 5o5). (In re Ernest Smith (2003) 114 Cal. App.
20  4th at 370-371), the Court Of Appeals held that in the case
21  of Ernest Smith, he abused drugs for many years before comm-
22  iting his offense, however,,there is no evidence that his
23  violence was primary drug-induced, and as noted, he was un-
24  der the influence when he commited his offense. Moreover
25  although Smith's drug use may have contributed to the cir-
26  cumstances under which he committed his offense. Under the
27  circumstances, the record does not reasonably establish a
28

1 strong causal connection between Smith's use of drugs and
2 his violent criminal conduct. Consequently, we conclude that
3 Smith's past desire for drugs and his use of drugs does not
4 by itself reasonable establish current unsuitability beca-
5 use there is no additional evidence to complete a chain of
6 reasoning between his past drug use and a finding that be-
7 cause of it he currently poses an unreasonable risk of dan-
8 ger if released. In other words, in the absence of some ev-
9 idence to support a reasonable belief that Smith might start
10 using drugs again, The fact that he used drugs extensively
11 more than 20-years ago does not by itself represent some
12 evidence that he is currently dangerous.
13 In the case of the petitioner, the Board's failure to pro-
14 duce a single piece of evidence or even a reasonable expla-
15 nation for it's finding that the petitioner needs therapy
16 in order to face, discuss, understand, and cope with stress
17 in a non-distructive manner, or that he currently remains
18 an unpredictable threat to others, clearly proves the arbr-
19 itrary and capricious manner in which the Board conducted
20 petitioner's parole hearing. Thoe the Board has acknowledged
21 that the petitioner has remain completely disciplinary free
22 the entire 15-years of his incarceration and that he has
23 participated in several self-help-therapy groups including
24 Alcoholics Anonymous, Anger Management, Spanish Ministries,
25 without any reasonable explanation the Board finds that he
26 needs additional therapy in order to establish that he is a
27 danger to society. And yet only one year ago the Board had
28 determined that no therapy was needed and that he was suited

9.

1  for parole and also that he did not represent a dangerous

2  threat to the public. (see petitioner's exhibit no. (2).

3  Petitioner has done nothing to change the position of the

4  Board. He has not all of a sudden become a threat to other

5  people. Finally, the nature of his crime may not be forever

6  considered in isolation. In determining suitability for

7  parole, the Board must consider "all relevant, reliable in-

8  formation available to the panel," including a long list of

9  factors unrelated to the nature of the commitment offense.

10  (Cal. Code Regs., tit 15, 2402, subd (b). When other factors

11  support parole, there is a point at which the nature of the

12  offense may no longer justify denial of parole. As the 9th

13  Circuit has opined, "A continued reliance in the future on

14  an unchanging factor, the circumstances of the offense and

15  conduct prior to imprisonment ... could result in a due

16  process violation." (Biggs V. Terhune (9th Cir. 2003) 334

17  F. 3d 910, 917; see also Rosenkrantz, supra, 29 Cal. 4th at

18  689, Moreno, J. conc. opinion; Ramirez, supra, 94 Cal.App.

19  4th at pp. 570-571.

20

21              2.

22  THE "SOME EVIDENCE" RELIED ON BY THE BOARD TO
    DENY PAROLE MUST BE RELEVANT AND RELIABLE IN
23  ESTABLISHING THE INMATE IS A CURRENT UNREASON-
    ABLE THREAT TO PUBLIC SAFETY. SOLE RELIANCE ON
24  THE COMMITMENT OFFENSE AND ANY UNCHANGING FAC-
    TORS CAN AMOUNT TO A DUE PROCESS VIOLATION AND
25  THEREFORE VIOLATE THE PRISONER'S LIBERTY INTER-
    EST IN PAROLE.

26  The record before the Board contains undisputed evidence

27  that the petitioner has been clean and sober the entire

28  time of his incarceration. His prior addiction to alcohol

                              10.

1    is in full institutional remmission. Prior to his commitment

2    offense the petitioner was arrested on three separate times

3    for driving under the influence. Because he was under the

4    influence prior to his offense the Board has used his past

5    prior addiction to establish that he currently poses a

6    threat to society and therefore cannot set a parole date

7    at this time. Basicly , the Board could deny parole for the

8    rest of his life based on this immutable factor and without

9    regard to or consideration of subsequent circumstances and

10   evidence indicating that he has no current desire to use

11   alcohol, as noted, the Boards decision omits any consider-

12   ation of or even referrence to the undisputed evidence as

13   noted above. The Board must base their decisions solely on

14   evidence that serves to establish that the inmate will or

15   will not pose a continuing "unreasonable risk of danger to

16   society if released from prison". Cal. code Regs., tit, 15

17   2402, subd. (a) "Regardless of the length of time served, a

18   life prisoner shall be found unsuitable for and denied pa-

19   role if in the judgment of the panel the prisoner will po-

20   se an unreasonable risk of danger to society if released

21   from prison."); pen. Code 3041 (b) ("The panel or Board

22   shall set a release date unless it determins that the grav-

23   ity of the current convicted offense, is such that consid-

24   eration of public safety requires a more lengthy period of

25   incarceration for this individual."); see also,e.g., Dann-

26   enburg, 34 Cal. 4th at 1070, 1082, 1090 (approving the Bo-

27   ard's determination in denying parole on the grounds that

28

11.

1  the some evidince indicated the inmate was a "continuing
2  public danger" and "continuing risk to public safety"); In
3  re Smith (2003) 114 Cal. App. 4th 343, 372 (vacating the
4  Governor's revocation of parole grant because "the sole fa-
5  ctor cited by the Governor__Smith's entrenched desire for
6  drugs due to long-term abuse __does not constitute some ev-
7  idence that Smith might start using drugs and become violent
8  again, and therefore that he currently poses an unreasonable
9  risk of danger without treatment.
10 The commitment offense is one of only two factors indicative
11 of unsuitability a prisoner cannot change, the other being
12 his previous record of violence. (In the case of the petit-
13 ioner, he has a previous record of driving under the influ-
14 ence). Reliancr on such an immutable factor "without regard
15 to or consideration of subsequent circumstances" may be un-
16 fair (In re Smith (2003) 114 Cal. App. 4th 343,372), and
17 "runs contrary to the rehabilitative goals espoused by the
18 prison system and could result in a due process violation.
19 (Biggs V. Terhune, supra, 334 F. 3d at p. 917). The commit-
20 ment offense can negate suitability only if circumstances
21 of the crime reliably established by evidence in the record
22 rationally indicate that the offender will present an unrea-
23 sonable public safety risk if released from prison. This is
24 not the case of the petitioner. The record clearly indicat-
25 es he has a perfect prison record. For 15-years he has been
26 sober and completely disciplinary free. He has no violence
27 in his record and meets every criteria set forth in the
28

12.

1  Board's own regulations for determining parole suitability.
2  Predictive value of the commitment offense may be very qu-
3  estionable after a long time (Irons V. Warden Of California
4  Stste Prison__Solano (E.D. Cal. 2005) 358 F. Supp.2d 936,
5  947, fn. 2). Thus, denial of release solely on the basis of
6  the gravity of the commitment offense warrents especially,
7  close scruntiny and cannot alone establish relevant and re-
8  liable evidence that a prisoner with a perfect prison record
9  and exemplary behavior in prison, plus overwhelming evidence
10 of rehabilitation that he can possibly continue to remain a
11 unreasonable, continuing danger to the public 15-years after
12 coming to prison.

13

14                        CONCLUSION

15

16     Petitioner has served sufficent time commensurate to
17 second degree murder matrix 2403 (c). He was denied a parole
18 date without "good cause" only one year after he had been
19 found to be suitable for parole.

20     The Legislature has decreed that unless the Board
21 finds that the release of a person convicted of murder
22 poses a threat to public safety, such a person should be
23 paroled. The mandatory language of P.C. 3041 (b) imposes an
24 affirmative obligation to grant parole unless the Board can
25 point to evidence in the record that the prisoner currently
26 represents a threat to the public. This language creating
27 a legally cognizable liberty interest in parole and a pre-
28 sumption that parole release will be granted if certain

                         13.

1  conditions are met Mc Quillon V. Duncan, 306 F,3d 895, 901-
2  902 (9th Cir. 2002); Biggs V. Terhune, 334 F. 3d 910 (9th
3  Cir. 2003). The deprivation of this right is permissible
4  only when the Board can provide relevant and reliable evid-
5  ence from the record supporting it's decision.

6

7                          RELIEF SOUGHT

8       Wherwfore, petitioner respectfully submits that the
9  petition should be granted and prays this court:

10 (1). Issue an order for the taking of such evidence as may
11      be necessary for proper consideration of the petition
        and resolve the issues in accordance with the applicable
12      rules of law;

13 (2). Issue the writ and direct the Board of Parole Hearings
        to vacate the determinate of unsuitability for parole
14      and reconsider in light of relevant criteria; and

15 (3). Appoint counsel to represent petitioner in any and all
        proceedings in this matter; and

16 (4). Grant petitioner whatever alternative or further rel-
17      ief as may be appropriate in the interest of justice in
        cluding his order for release since the amount of time
18       he has served has exceeded any matrix calculation
        which could be applied to his offense.

19

20

21

22 Dated: *l.6.06*

23

24                              Respectfully submitted,

25

26                              Jorge Sanchez, E-68378.

27

28

                          14.

1
2

## DECLARATION OF SERVICE BY MAIL
(28 U.S.C. section 1746)

3
4
5
6
7

I, _Jorge Sanchez_____, declare: That I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; (I am)/ am not a party to the attached action; My address is P.O. Box 705, _N-J-78_, CTF - North Facility, Soledad, CA 93960-0705; I served the attached document entitled: petition for writ of Habeas Corpus

8
9

10
11
12
13
14
15

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:
OFFICE OF ATTORNEY GENERAL,
300 SOUTH SPRING STREET
LOS ANGELES, CA. 90013

16
17
18
19
20
21

22
23
24
25
26
27
28

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and I executed this service this __6__ day of _JANUARY_____, _2006_, at the Correctional Training Facility in Soledad, CA.

_____
Declarant