# EXHIBIT F

Court of Appeal, Second Appellate District, Div. 4 - No. B194620
S150005

# IN THE SUPREME COURT OF CALIFORNIA

SAN DIEGO DOCKETING
APR 23 2007
S020077 00190
BY NORMA SANTACRUZ

En Banc

In re JORGE SANCHEZ, on Habeas Corpus.

The petition for review is denied.

George, C.J., was absent and did not participate.

SUPREME COURT
FILED
APR 1 1 2007
Frederick K. Ohlrich Clerk
_____
Deputy

MORENO
Acting Chief Justice

SUPREME COURT COPY

S150005

IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

In re Jorge Sanchez          COURT OF APPEAL NO. B194620

　　　Petitioner             Los Angeles County

On Habeas Corpus             SUPREME COURT
                             FILED

                             FEB 5 - 2007

                             Frederick K. Ohlrich Clerk
                             _____
                                    DEPUTY

## PETITION FOR REVIEW

TO: THE HONORABLE CHIEF JUSTICE OF THE CALIFORNIA SUPREME COURT AND THE ASSOCIATE JUSTICE OF THE COURT:

Pursuant to California rules of the court, rules 28 & 29, Petitioner Jorge Sanchez, in propria persona, hereby petitions the court for review following the decision of the court of Appeal, Second Appellate District, Division (4) appended hereto as exhibit (A), which denied petitioner's petition for Writ of Habeas Corpus. Denied January 25, 2007.

Service was by mail, thus 5-day tolling applies (CCP§ 1013).

### I.

### QUESTIONS FOR REVIEW

This case presents the following questions for review:

(1) Is it a violation of due process and state law for the Board of Parole Hearings decision finding that petitioner poses a threat to society is not supported by any evidence and is punitive in nature?

(2) Is it a violation of petitioner's right to due process for the Board of Parole Hearings (BPH) to find petitioner unsuitable for parole at his 4th parole hearing based on immutable factors of the commitment offense and prior alcohol abuse, rendering the decision arbitrary and an abuse of discretion.

## II.
## JURISDICTION OF THE COURT

Petitioner has exhausted all lower court remedies. Thus, petitioner having been placed in jeopardy and danger of irreparable harm, this court has jurisdiction (Employees Association v. City of Glendale (1975) 15 Cal. 3d 320, 342).

There is no issue of "comity" since both state and federal due process standards are offended. This is particularly true since the California standard of due process is more stringently protective of the individual (People v. Ramirez (1979) 25 Cal.3d 260).

## III.
## HISTORY OF THE CASE

Petitioner was convicted of second degree murder and sentenced to an indeterminate prison term of 15-years-to-life after entering into a plea agreement with the state. He was received by the California Department of Corrections and Rehabilitations on September 15, 1990. His case number is VA00-2428. Petitioner's minimun eligible parole date was set for July 14, 2000. On September 28, 2004, the Board set a parole

1  date after finding him suitable for parole. On February 25,
2  2005 the decision of the Board was reversed by the governor.
3  That decision is currently before the District Court for the
4  Northern District. Petitioner's 4th hearing was held on Sept-
5  ember 29, 2005. The Board now finds the petitioner to now pose
6  an unreasonable risk to public safty, finding him unsuitable
7  for parole at this time.

                              IV.

                            ARGUMENT

10     (1)  The Supreme Court held that there must be "some
11  evidence" to suport the Board of Parole Hearings determination.
12  (In re Powell (1988) 45 Cal.3d 894, 904).
13     The requirement of due process are satisfied if some ev-
14  idence supports the decision. This standard is met if "there
15  was some evidence from which the conclusion of the administr-
16  ative tribunal could be deduced.
17     There is no evidence that the nature of the commitment
18  offense or prior conduct is demonstrative of petitioner's
19  current level of dangerousness or that he poses a threat to
20  Public safty. (In re Smith (2003) 109 Cal. App. 4th 489, 505,
21  emphasis in original).
22     The Board of Parole Hearings offered no supportable, ta-
23  ngible or reliable evidence that petitioner's current level
24  of dangerousness poses a threat to public safty. The Board
25  shifted their assessment of petitioner's level of dangerous-
26  ness in September 28, 2004 where they determined that the pe-
27  titioner dose not pose a threat to public safety to where now
28  in September 29, 2005, he now poses a threat one year later

without any evidence of any significant change in the record.

The Board of Parole Hearings violated published guidelines and their action is solely punitive in action.

(2) A review of penal code section 3041 (a) and (b) and California Code of Regulations, Title 15, section 2000 et seq., indicates a statutory scheme which contains mandatory language and substantive guidelines to the exercise of official discretion that gives rise to a protected liberty interest in parole, curing the "arbitrary decision process". Most courts continue to find a liberty interest in the California parole statute. Lewis v. Solis, 2005 WL 3454137 (N.D. Cal. 2005); Murilla v. Perez, 2005 WL 2592420 (C.D. Cal. 2005); Rodriguez v. Campbell, 2005 WL 1335711 E.D. Cal. MCE JFM); Hudson v. Kane, 2005 WL 2035590 (N.D.Cal); and Irons v. Warden (Carey), 358 F.Supp 936 (E.D.Cal., 2005).

The Board of Parole Hearings regulations and guidelines are valid and have the force and effect of law and the Board of Parole Hearings must follow their own regulations and guidelines.

The quantum of process due is that which is minimal required by the constitution unless, as itself to a higher level of process...[cits. omitted] (Kindred v. Spears (5th Cir. 1990) 894 F.2d 1475, 1481-1482, citing Marshall v. Lancing (3rd Cir. 1988) F.2d 933, 943).

By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of life, liberty and property", the due process clause promotes fairness in such decision. (Pepple v. Ramirez (1979) 25 Cal.3d

260, 269.

The continued reliance on unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation. In case at bench, that due process violation has arrived. (Biggs v. Terhune, supra, 334 F.3d at 916-917).

## CONCLUSION

For the forgoing reasons, it is respectfully requested that this petition for review be granted in the interest of justice to address the important questions of law of a state-wide importance.

Date: 2/1/07

Respectfully submitted,

Jorge Sanchez, E-68378
Petitioner, In pro se

## DECLARATION OF SERVICE BY MAIL

I, __Jorge Sanchez__, declare: That I am a resident of the Correctional Training Facility in Soledad, California; I am over the age of eighteen (18) years; I am / am not a party to the attached action; My address is P.O. Box 705, __ND-45-U__, CTF - North Facility, Soledad, CA 93960-0705; I served the attached document entitled: Petition For Review

on the persons/parties specified below by placing a true copy of said document into a sealed envelope with the appropriate postage affixed thereto and surrendering said envelope(s) to the staff of the Correctional Training Facility entrusted with the logging and mailing of inmate legal mail addressed as follows:

Office Of Attorney General
300 South Spring Street.
Los Angeles, CA. 90013

California Court Of Appeal
Second Appellate District
300 South Spring Street.
Los Angeles, CA. 90013-1213

There is First Class mail delivery service by the United States Post Office between the place of mailing and the addresses indicated above. I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct, and that I executed this service this __1__ day of __February__, __2007__, in Soledad, CA.

_____
Declarant